# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SAMUEL C. REYNOLDS, JR., | * | |
| Appellant, | * | |
| v. | * | Civil Action No. 8:20-cv-00470-PX |
| DEUTSCHE BANK NATIONAL TRUST, *et al.*, | * | |
| | * | |
| Appellees. | | |

***

## MEMORANDUM OPINION

Pending before the Court is pro se debtor and Appellant Samuel C. Reynolds Jr.'s appeal of the Bankruptcy Court's decision to dismiss with prejudice Reynolds' Adversary Complaint. ECF No. 1. Deutsche Bank National Trust, in its capacity as Trustee for the Long Beach Mortgage Loan Trust 2006-7, Carrie M. Ward and BWW Law Group, LLC, as substitute Trustees, and Select Portfolio Servicing, Inc. ("SPS"), (collectively referred to as "Appellees") contest the appeal. ECF Nos. 6, 11. For the reasons stated below, the February 13, 2020 Order is affirmed.[1]

### I.  Background

On June 16, 2006, Appellant Samuel C. Reynolds, Jr. ("Reynolds") purchased the real property located at 112 Ridge Road in Greenbelt, Maryland ("the Property"). ECF No. 8-3 at 3. To finance the purchase, Reynolds executed a Promissory Note, secured by a Deed of Trust on

---

[1] Appellees also moved to dismiss this appeal because the Appellant's brief was untimely. ECF No. 6. Appellees more particularly contend that the Clerk's letter dated April 22, 2020, which generally notified the parties of the timing provisions in Bankruptcy Rule 8018, supersedes the Court's COVID-19 standing orders. The standing orders collectively enlarged all filing deadlines by 84 days "unless the presiding judge entered a subsequent order setting a different deadline." *In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, No. 1:00-mc-308, ECF No. 103. This Court does not construe the Clerk's letter as an order from this Court setting a different deadline than that triggered by the COVID-19 standing orders. Appellant's brief is timely. The motion is denied.

the Property (collectively "the mortgage loan"). *Id.* at 8. The mortgage loan originated with Network Funding, Inc. and was first assigned to Long Beach Mortgage Corporation, a wholly owned subsidiary of Washington Mutual Bank ("Washington Mutual" or "the Bank"), and next to Appellee Deutsche Bank National Trust ("Deutsche Bank"), the current holder of the Note and Deed. *Id.* at 4, 9. Appellee Select Portfolio Servicing, Inc. ("SPS") is the current loan servicer. *Id.* at 4.

During the 2008 financial crisis, the Office of Thrift Supervision closed Washington Mutual and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver. ECF No. 8-14. Washington Mutual next filed for bankruptcy; the FDIC immediately sold the Bank's assets to J.P. Morgan Chase and appointed Deutsche Bank as Trustee for many of the mortgages previously held by the Bank. *See* ECF Nos. 8-14; 3-5. Deutsche Bank and other financial institutions later sued the FDIC for damages relating to the sale of certain mortgage loans included in the trusts purchased from the Washington Mutual receivership. *See* ECF Nos. 8-16 at 1; 8-14. The parties eventually settled all related claims pursuant to a Settlement Agreement ("the Settlement Agreement"). ECF No. 8-16. In exchange for release of all claims, the FDIC assigned Deutsche Bank the right to proceed as a debtor to Washington Mutual's bankruptcy estate to secure outstanding debts totaling over three billion dollars. ECF No. 8-16 at 5–6. Reynolds' mortgage was included in the trusts at issue in the FDIC litigation. *See* ECF No. 3-7 at 1; 8-16 at 17 (listing Long Beach Mortgage Loan Trust 2006-7).

Thereafter, Reynolds fell on hard times and struggled to make payments on his mortgage loan. He entered into loan modification programs to resolve his outstanding mortgage debt. *See, e.g.*, ECF No. 8-12. In August 2017, Deutsche Bank began foreclosure proceedings on the Property. Carrie Ward and her firm, BWW Law Group, were selected as substitute Trustees to

2

begin the foreclosure process. *See* ECF No. 8-3 at 4; *Reynolds v. Ward*, No. TDC-18-3921, 2019 WL 3779755, at *1 (D. Md. Aug. 12, 2019).

In July 2018, the substitute Trustees filed in the Prince George's County Circuit Court a foreclosure action against the Property. *See WBGLMC v. Reynolds*, No. CAEF18-23836; *Reynolds,* 2019 WL 3779755, at *1. Reynolds moved to dismiss the foreclosure action, alleging that the assignments of the Deed were fraudulent or invalid and therefore Deutsche Bank, SPS, and substitute Trustees lacked standing. *See Reynolds*, 2019 WL 3779755, at *2.

While the foreclosure action was pending, Reynolds filed suit in this Court, contending that Appellees, among others, had perpetrated a fraud by misrepresenting that he still maintained a balance on the mortgage loan and that the foreclosure action was valid. *Reynolds v. Ward*, No. TDC-18-3921 (D. Md. filed on Dec. 19, 2018), ECF No. 1 ("first federal action"). Reynolds brought claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692f (2012), the Truth in Lending Act, 15 U.S.C. § 1641(g), and the implementing regulations of the Real Estate Settlement Procedures Act, 12 C.F.R. § 1024.41(b) (2018), as well as several state causes of action. *Reynolds*, No. TDC-18-3921, ECF Nos. 1, 1-3. He argued, as he had in state court, that the assignments of the Deed were invalid and so the Appellees could not proceed against the Property. *Reynolds*, 2019 WL 3779755, at *2.

Appellees moved to dismiss the Complaint in the first federal action for failure to state a claim. *Reynolds*, No. TDC-18-3921, ECF Nos. 21; 26. Reynolds argued in two separate responsive pleadings that the Settlement Agreement between the FDIC and Deutsche Bank constituted a full payoff of his mortgage loan. *Reynolds*, No. TDC-18-3921, ECF Nos. 37, 38 at 5–6. Ultimately, the Court dismissed Reynolds' federal claims with prejudice and declined to exercise supplemental jurisdiction over his state law claims. *Reynolds*, 2019 WL 3779755 at *7.

3

Relevant to this appeal, the Court found the gravamen of the FDCPA claim to be Reynolds' contention that his mortgage loan had been fraudulently assigned to Deutsche Bank. *Id.* at *2, *4. The Court ultimately concluded that even accepting Reynolds' averred facts as true and most favorably to him, the FDCPA claim failed as a matter of law. *Id.* at *4–*5.

On April 16, 2019, Reynolds filed for Chapter 13 Bankruptcy to avoid foreclosure on the Property. ECF Nos. 3-15 at 1, 10; 8 at 15. He next pursued an Adversary Complaint in the Bankruptcy Court, in which he argued, as he had previously in the first federal action, that the Settlement Agreement between Deutsche Bank and the FDIC rendered his mortgage fully paid. ECF No. 8-3. Thus, maintained Reynolds, the Appellees' lien on his property was invalid and likely fraudulent. *Id.* at 12–13. Reynolds requested that the Bankruptcy Court issue declaratory relief and quiet title to the Property. *Id.* at 22.

Appellees moved to dismiss the Complaint on the grounds that res judicata barred the new action, and alternatively, that the claims failed as a matter of law. *Reynolds v. Deutsche Bank Nat'l Trust*, No. 19-00445, ECF Nos. 10, 14 (D. Md. Bankruptcy Ct.). After a hearing, the Bankruptcy Court dismissed the Adversary Complaint with prejudice. ECF No. 8-7 at 25–28. As to the legal sufficiency of the claim, the Court concluded that because Reynolds was not a party to the Settlement Agreement and the Agreement expressed no intention to benefit Reynolds or any other third-party, Reynolds' contention that his mortgage loan had been paid off was implausible and lacked factual basis. *Id.* at 27–28. Alternatively, the Bankruptcy Court concluded that to the extent Reynolds raised or could have raised the identical claims based on the same factual predicate presented in the first federal action, *res judicata* barred relitigation of the claims in the adversary proceeding. *Id.* at 28. Reynolds appealed this decision on March 3, 2020. ECF Nos. 1. For the following reasons, the Court affirms the decision of the Bankruptcy

4

Court.

**II. Analysis**

On appeal, this Court reviews the Bankruptcy Court's legal conclusions *de novo* and findings of fact for clear error. *In re Dornier Aviation (N. Am.), Inc.*, 453 F.3d 225, 231 (4th Cir. 2006). A finding of fact is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). On review, this Court may affirm, modify, or reverse the Bankruptcy Court's order, or remand with instructions for further proceedings. *See* Fed. R. Bankr. P. 8013.

**A. Failure to State a Claim**

The Bankruptcy Court first dismissed the Adversary Complaint for failing to state a claim. For the following reasons, the Court finds no error in this decision.

A motion brought pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The Court may consider materials attached to the complaint without transforming the motion to dismiss into one for summary judgment. *See* Fed. R. Civ. P. 10(c). The Court may also consider materials attached to a motion to dismiss, so long as such materials are integral to the complaint and authentic. *Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). The decision to dismiss a claim with or without prejudice lies within the sound discretion

5

of the trial court.  *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–6 (D. Md. 2013).  *See also McLean v. United States*, 566 F.3d 391, 400–01 (4th Cir. 2009) (internal citations omitted), *abrogated on other grounds by Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020) ("While a potentially meritorious claim . . . should not be unqualifiedly dismissed for failure to state a claim unless its deficiencies are truly incurable, such an unqualified dismissal is entirely proper when the court has reviewed the claim and found it to be substantively meritless.").

On appeal, Reynolds contends that the Bankruptcy Court erred in dismissing the action because the Complaint facts made plausible that the mortgage loan had been paid in full as part of the Settlement Agreement.  ECF No. 8 at 17–22, 24–25.  The record plainly contradicts Reynolds' argument.  The Bankruptcy Court specifically found that the Settlement Agreement had *not* extinguished the mortgage loan, and any contrary argument "fundamentally misunderst[ood] the purpose and significance of this settlement agreement."  ECF No. 8-7 at 28.

The Bankruptcy Court did not clearly err in this factual determination.  Nothing in the Settlement Agreement reflects that Reynolds' mortgage loan was paid in full or that the Settlement Agreement eliminated his obligations to satisfy the debt.[2]  As the Bankruptcy Court highlighted, the plain language of the Settlement Agreement made clear no third-party beneficiary rights—such as paying off individual mortgage loans—had been conferred.  *See* ECF No. 8-16 at 11 ("[t]here are no third[-]party beneficiaries of this Settlement Agreement.  Nothing in this Agreement is intended or may be construed to create any third[-]party beneficiary rights . . . .").  Moreover, as the Bankruptcy Court acknowledged, the remaining record evidence does not

---

[2]  Reynolds also argues that the Bankruptcy Court failed to reach whether the Appellees had committed fraud by submitting an altered and invalid copy of the Deed of Trust. ECF No. 8 at 12–13.  Even if the Bankruptcy Court had not expressly addressed this contention, any error is harmless.  Nothing before the Bankruptcy Court made plausible that the Deed of Trust had been in fact altered or was otherwise invalid for reasons beyond the theory that the Deed was invalid because the mortgage loan "had been paid in full through the Washington Mutual Bank Receivership Estate." ECF Nos. 8 at 12; 8-3 at 15.

6

create any genuine dispute to the contrary. The forensic audit on which Reynolds relies does not reflect that the mortgage loan had been paid, but only that loans were recapitalized and, in some instances, the *trusts* were granted principal forgiveness. ECF Nos. 3-7 at 6, 3-8. And Reynolds' generalized claims of having "conversations" with Deutsche Bank representatives do not upset this analysis. Accordingly, the Court finds no error in Bankruptcy Court's decision to dismiss the Adversary Complaint for failure to state a claim. *See* ECF No. 8-7 at 25–27.

### B. Res Judicata

Alternatively, the Bankruptcy Court determined that to the extent Reynolds was attempting to pursue claims that he could have raised in the first federal action, res judicata bars relitigation in the adversary proceeding. Res judicata prohibits "the relitigation of matters previously litigated between parties and their privies, as well as those claims that *could have been asserted* and litigated in the original suit." *Anyanwutaku v. Fleet Mortg. Group, Inc.*, 85 F. Supp. 2d 566, 570 (D. Md. 2000) (citing *Pittston Co. v. United States*, 199 F.3d 694, 704) (4th Cir. 1999) (emphasis in original). Res judicata applies where (1) the present parties are the same as those in the earlier dispute, (2) the claim is identical to the one determined earlier, and (3) there has been a final judgment on the merits of that claim. *Prudencio v. Capital One, N.A.*, No. PWG-16-2693, 2016 WL 6947016, at *2 (D. Md. Nov. 28, 2016) (quoting *Capel v. Countrywide Home Loans, Inc.*, No. WDQ-09-2374, 2010 WL 457534, at *3 (D. Md. Feb. 3, 2010)). Importantly, "[n]ot only does res judicata bar claims that were raised and fully litigated, it 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Peugeot Motors of Am., Inc. v. E. Auto Distributors, Inc.*, 892 F2d 355, 359 (4th Cir. 1989) (quoting *Brown v. Felsen*, 442 U.S. 127, 131, (1979)). The doctrine applies with equal force in

7

the bankruptcy context. *In re Varat Enters., Inc.*, 81 F.3d 1310, 1314–15 (4th Cir.1996).

Reynolds appears to argue the Bankruptcy Court erred in concluding that res judicata applied because the Adversary Complaint claims are not identical to those raised in the first federal action. ECF No. 8 at 22–23. But the question here is whether the adversary claims were "previously available" to Reynolds and could have been litigated in the first instance. The new claims are based in the same set of facts and involve the same parties as in the first federal action. Moreover, such facts were central to Reynolds' FDCPA claim which the Court had dismissed with prejudice. Indeed, the court in the first federal action emphasized that the gravamen of Reynolds' FDCPA claim had been the alleged fraudulent assignment of the Deed. *Reynolds v. Ward*, No. TDC-18-3921, 2019 WL 3779755, at *2, *4 (D. Md. Aug. 12, 2019). Reynolds also argued vigorously that the Court should deny dismissal because the Settlement Agreement resulted in his mortgage loan having been paid in full. *See Reynolds*, No. TDC-18-3921, ECF Nos. 37, 38 at 5. Reynolds now relies on the same factual theory that he did in the first federal action and so could have previously brought the same claims he advances here. *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013) (citing *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008). The Bankruptcy Court, therefore, did not err in concluding that the Adversary Complaint was barred by res judicata.

Because the Court finds no error of fact or law in the Bankruptcy Court's decision to dismiss with prejudice the Adversary Complaint, the decision and Order is AFFIRMED.

|  |  |
|---|---|
| 2/26/21 | /S/ |
| Date | Paula Xinis |
|  | United States District Judge |

8